UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONNIE R. BARRETT,

    Plaintiff,

v.                                                                                  09-3126

JENNIFER L. BLAESING,

    Defendant.

### Order on Petition to Proceed In forma Pauperis

The plaintiff is being held at Rushville Treatment and Detention Center. He seeks leave to proceed *in forma pauperis* on his claim that the defendant charged him "points" for making legal copies, which leaves him with no points to purchase hygiene and other items at the commissary. He asks the court to reinstate all his points and have "cosmetics" whenever he needs them.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, the court grants leave to proceed in forma pauperis only if at least one federal claim is stated.

The plaintiff does not have a constitutional right to have the defendants pay for his litigation. "[T]here is no constitutional entitlement to subsidy. . . . A right to petition for redress does not imply a right to free writing paper and stamps" *Lewis v. Sullivan*, 279 F.3d at 528; *see also Johnson v. Daley*, 339 F.2d 582, 586 (7th Cir. 2003)("Although prisoners enjoy a fundamental right of access to the courts . . . there is no right of *subsidized* access"). Requiring the plaintiff to pay with points for his legal copies and other supplies he needs to litigate his case is not, alone, unconstitutional. If the plaintiff had no points and was still refused what he needed to file a case, that might be a different story (assuming the plaintiff was prejudiced thereby). But that is not what the plaintiff alleges. He alleges that the constitution forbids the defendants from charging him for legal copies, which, as discussed above, is not the law. Further, an access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case). There is no inference that the plaintiff has been unable to pursue any meritorious claim. To the contrary, he has filed six cases in this court over the last two years.

The plaintiff alleges that he has no points left to visit the commissary, but no inference arises that he is being denied the basic necessities that he needs. He alleges that he receives toothpaste, two dial soaps, and one deodorant (which he alleges does not work, but that is not enough to rise to a constitutional violation). The plaintiff also alleges that he cannot communicate with family and friends, presumably because he does not have points to buy envelopes, pens and paper. The plaintiff has not had a problem finding paper and ink for his lawsuits, so the court does not understand this allegation. In any event, the plaintiff could rearrange his priorities and save his points to buy these items if he wished. In sum, the court sees no federal claim. *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007)(factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level')(quoted cite omitted).

IT IS THEREFORE ORDERED that the plaintiff's petition to proceed in forma pauperis is denied (d/e 2) because he fails to state a federal claim for relief. The hearing scheduled for July 14, 2009, is cancelled as unnecessary. All pending motions are denied as moot, and this case is closed.

If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Entered this 10th Day of July, 2009.

s\Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE